IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Ahmed Fanan, | ) | CIVIL ACTION NO. 2:15-4413-CWH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Rachad Bouhlal, the Ambassador of Morocco, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

This action has been filed by the Plaintiff, <u>pro se</u>. Plaintiff asserts in his pleadings that he is a citizen of the country of Morocco, and that he wishes to renounce or give up his citizenship.

Plaintiff's original Complaint did not name a Defendant. Nor did Plaintiff pay a filing fee or, alternatively, submit a motion for IFP. Therefore, a proper form Order was entered on February 1, 2016 advising Plaintiff that he had to either pay the filing fee or submit an application to proceed without prepayment of fees and affidavit (Form AO 240), complete a complaint form identifying a Defendant and an address for that Defendant as well as setting forth how he has a viable claim against the Defendant, and complete service documents for the Defendant or Defendants, and complete <u>pro se</u> Rule 26.01 interrogatories. Plaintiff returned some documents on February 22,

1



2016, which resulted in a second proper form order being entered on March 15, 2016 granting Plaintiff's motion for leave to proceed in forma pauperis, but again advising Plaintiff he needed to properly complete a Complaint form, provide service documents, and complete the pro se Rule 26.01 interrogatories.

Plaintiff thereafter filed an Amended Complaint in which he named Rachad Bouhlal, represented to be the Moroccan Ambassador to the United States, as the party Defendant. In the narrative of his Complaint, Plaintiff states that he wants to give up his Moroccan citizenship because, essentially, he disagrees with his country's policies and politics. He asks for this Court to accept his case and allow him to "drop Moroccan citizenship". See generally, Plaintiff's Amended Complaint. Together with his Amended Complaint, Plaintiff submitted his pro se Rule 26.01 interrogatories, in which he states that the Moroccan consulate has refused his request to renounce his Moroccan citizenship, and that he is an "asylum seeker". Plaintiff also submitted a process receipt and return form showing the Defendant's address for service.

### Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness

2



can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989). Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

   With regard to Plaintiff's request that he be allowed to renounce his Moroccan citizenship, Plaintiff should contact Moroccan authorities at the Embassy of the Kingdom of Morocco Consular in Washington, D.C. with respect to this request. See www.embassyofmorocco.us (last accessed July 11, 2016). Although Plaintiff states in his pro se Rule 26.01 interrogatories that the Moroccan Consulate has refused his request, Plaintiff has offered no authority, based upon a review of the facts presented, to show that this Court can grant him the relief he seeks. Further, although 28 U.S.C. § 1351 provides that district courts have original, exclusive jurisdiction over "members of a [diplomatic] mission or members of their families", including ambassadors as heads of diplomatic missions; E.g. Montuya v. Chedid, 779 F.Supp.2d 60, 61-61 (D.D.C. 2011); this jurisdiction may be limited by the Foreign Sovereign Immunity Act ("FSIA") or the Vienna Convention. Johnson v. Jamaica Government, No. 13-1058, 2014 WL 2999701, at * 3 (D.Conn. July 2, 2015). While FSIA does not bar immunity for acts of individual



foreign officials undertaken in their official capacities[1], under "Article 31(1) of the Vienna Convention on Diplomatic Relations ("VCDR"), . . . diplomatic agents, including ambassadors, 'enjoy immunity from [the receiving state's] civil and administrative jurisdiction." Johnson, 2014 WL 2999701, at * 3. Congress implemented the VCDR through the Diplomatic Relations Act, 22 U.S.C. § 254d, which provides that any action or proceeding against an individual entitled to immunity with respect to such action or proceeding under the VCDR shall be dismissed. Id. While certain exceptions are provided, Plaintiff here has set forth no allegations which link his claim to an exception. Therefore, Plaintiff's claim against Bouhlal seeking to revoke his citizenship should be dismissed, with prejudice.   Johnson, 2014 WL 2999701 at ** 3-4 [dismissing, with prejudice, Petitioner's claim to renounce his citizenship against Ambassador of Jamaica].

　　　　To the extent this lawsuit is an attempt by the Plaintiff to obtain asylum, in order to obtain such relief Plaintiff must first apply for asylum with the United States Immigration Services ("USIS), not by filing a lawsuit in Federal District Court.   See https://www.uscis.gov/humanitarian/refugees-asylum/asylum (Last accessed July 8, 2016).[2] While Plaintiff may have certain appeal rights to a federal district court from an adverse asylum ruling, Plaintiff would need to first exhaust his administrative remedies with immigration services prior to pursuing any such relief. Cf. Muththiah v. U. S. Attorney General, 521 F. App'x. 768 (11th Cir. 2013). Plaintiff makes no allegations or showing in his Amended Complaint that he has applied for

---

[1]See Samantar v. Yousuf, 560 U.S. 305, 319 (2010)[Finding FSIA did not intend the term "foreign state" in 28 U.S.C. § 1603(a) to include officials acting on behalf of the foreign state].

[2]Plaintiff may also use this same website to obtain information about how to go about obtaining asylum in the United States.



asylum with the USIS and exhausted his administrative remedies before filing this lawsuit, and

> [p]ursuant to 8 U.S.C. § 1252(d)(1), a final order of removal [denying a request for asylum] is reviewable only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1) (2006). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the [Board of Immigration Appeals]. See Fernandez–Bernal v. Att'y Gen. of U.S., 257 F.3d 1304, 1317 n. 13 (11th Cir.2001). We "must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." See  Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir.2008).

Muththiah, 521 F. App'x 768, 772 (11th Cir. 2013); see also Beltran v. Swacina, No. 11-21585, 2012

WL 12544, at *1 (S.D.Fla. Jan. 3, 2012) ["Plaintiff's claim here is not ripe and must be dismissed

without prejudice."](citing Avila v. U.S. Attorney General, 560 F.3d 1281, 1285 (11th Cir.2009)).

Additionally, the Moroccan Ambassador to the United States would not be the proper party

Defendant for such a claim in any event.

Finally, it is also readily apparent that venue in this federal district court is not proper.

Plaintiff identifies the named Defendant as being a resident of Washington, DC.  Civil actions may

only be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).



None of these criteria are met in this case. Further, while transfer of a case to a proper venue is allowed under 28 U.S.C. § 1406,[3] a court should do so only if it finds that it would be in the interest of justice. Even if a proper venue of this lawsuit could be determined, a transfer of this civil action would not be in the interest of justice, as the Complaint plainly fails to allege facts showing entitlement to any relief at this time. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) [Outlining pleading requirements under the Federal Rules of Civil Procedure]; cf Begay v. United States, No. 15-142, 2015 WL 1540982, at * 4 (D.Colo. Apr. 1, 2015)[A court can dismiss a case prior to service if the complaint itself makes clear that the plaintiff failed to exhaust administrative remedies prior to initiating litigation."].

## Conclusion

Based on the foregoing, it is recommended that the Court dismiss Bouhlal as party Defendant, with prejudice. Johnson, 2014 WL 2999701, at * 3-4. Otherwise, Plaintiff's Complaint should be dismissed without prejudice and without issuance of service of process.[4]

---

[3]Title 28 U.S.C. § 1406 provides, in relevant part, as follows:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[4]This Report and Recommendation shall serve as notice to the Plaintiff of the Court's intention to dismiss this action, without prejudice. Cf. Tillotson v. City of El Paso, No. 09-963, 2010 WL 597993, at * 3 (D.N.M. Jan. 29, 2010)[providing right for plaintiffs to have notice in some cases prior to dismissal for lack of proper venue].



Plaintiff's attention is directed to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

July 12, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**


The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

