IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ahmed Fanan, | ) |
| | ) Case No. 2:15-cv-04413-CWH |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Rachad Bouhlal, the Ambassador | ) |
| of Morocco, | ) |
| | ) |
| Defendant. | ) |

On October 30, 2015, Ahmed Fanan (the "plaintiff"), proceeding pro se, filed this action against the Country of Morocco in an attempt to renounce his Moroccan citizenship. Following the filing of the case, the magistrate judge issued two Proper Form Orders (ECF Nos. 9, 14) because of the plaintiff's failure to bring the case in proper form for service.[1] On April 7, 2016, the plaintiff filed an amended complaint against Rachad Bouhlal ("Bouhlal"), the Moroccan ambassador to the United States, and the Country of Morocco was terminated as a defendant. (ECF No. 17).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"). On July 12, 2016, the magistrate judge issued an R&R recommending that the Court dismiss Bouhlal as party defendant with prejudice. (R&R 6, ECF No. 25). The R&R further recommended that the plaintiff's Amended Complaint be dismissed without prejudice and without issuance of service of process. (Id.). The deadline for filing objections was July 29, 2016, and none have been filed.

---

[1] For example, the plaintiff failed to sign and date forms, answer interrogatories, or identify any defendant other than the "Country of Morocco." (Second Proper Form Order 2, ECF No. 14).

The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted). Furthermore, the failure to file specific written objections to an R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After reviewing the record of this matter, the applicable law, and the R&R, the Court agrees with the conclusion of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 25) by reference in this Order. Thus, the Court dismisses Bouhlal as party defendant with prejudice, and the plaintiff's Amended Complaint (ECF No. 17) is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

*C. Watson Houck*
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

September 30, 2016
Charleston, South Carolina

